IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.:  1:15-CR-169-02-LO |
| | ) | |
| YASMIN ARELY VARGAS, | ) | |
| a.k.a. "Flaca," | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT
VARGAS'S MOTION TO DISMISS WITH PREJUDICE**

The UNITED STATES OF AMERICA, by its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Michael J. Frank, Assistant United States Attorney, respectfully submits this Response in Opposition to defendant Yasmin Vargas's "Motion to Dismiss with Prejudice" (Doc. #44).   For the reasons set forth below, the defendant's motion should be denied.

**I.   Factual Background**

Defendant Yasmin Vargas and Francisco Pineda-Torres were romantically involved and then became sex trafficking business partners.   In spring 2010, they cooperated in the sex trafficking of a 14-year old girl.   The victim was prostituted from an apartment in Arlington that they shared.   In addition to selling the victim, the defendants also photographed (and allowed others to photograph) the victim while she was naked and while an individual inserted an object into the victim.

## II.     Procedural Background

On June 13, 2015, a grand jury returned a four-count Indictment. Count One charged Vargas and Pineda-Torres with Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c). Count Two Charged Vargas and Pineda-Torres with Sex Trafficking of a Child, in violation of 18 U.S.C. § 1591(a). Count Three charged only Pineda-Torres with Sex Trafficking of a Child, in violation of 18 U.S.C. § 1591(a). And Count Four charged both defendants with Sexual Exploitation of a Child (Production of Child Pornography), in violation of 18 U.S.C. § 2251(a).

On August 28, 2015, the United States moved to dismiss the indictment without prejudice. (Doc. #42). This motion was granted the same day. (Doc. #43).

## III.     Argument

### A.     Vargas's Motion is Moot

Vargas's motion should be denied because it is moot. *See United States v. Bergman*, ___ F. App'x, 2015 WL 3938952, at *2 (10th Cir. June 29, 2015) ("Given the government's ultimate dismissal of all counts against Ms. Bergman, her request for dismissal of the indictment and her objections pertaining to the grand jury proceedings leading to the indictment are obviously moot . . . ."). The indictment that had charged Vargas was already dismissed on August 28, 2015. (Doc. #43). Thus, this Court cannot dismiss a second time an indictment that has already been dismissed, nor can it resurrect an indictment that was already dismissed, as only another grand jury can return an indictment. *See United States v. Echols*, 413 F. Supp. 8, 12 (E.D. La. 1975) (denying as moot a motion to dismiss an indictment that had already been superseded with a new indictment). There is no indictment pending, and thus no case or controversy for this Court to

consider, and no indictment for this Court to dismiss with prejudice. *See United States v. Mason*, 116 F. App'x 469, 469 (5th Cir. 2004) (holding that the defendant's motion to dismiss the indictment was without jurisdictional basis because the indictment had been dismissed without prejudice and the criminal proceeding was no longer pending); *United States v. Atkinson*, 2006 WL 36966, at *1 (W.D. Mich. Jan. 5, 2006) (unpublished) (holding that "[t]his Court lacks jurisdiction to entertain Defendant's motion to dismiss with prejudice because the indictment has already been dismissed and there is no case or controversy before this Court."). Accordingly, for this reason alone, Vargas's motion should be denied.[1]

### B. This Court Was Obliged to Grant the Government's Motion to Dismiss Without Prejudice Because No Bad Faith Was Shown

For a second, independent reason, this Court should deny Vargas's motion. Rule 48(a) of the Federal Rules of Criminal Procedure states: "The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate." Fed. R. Crim. P. 48(a). A dismissal, and a district court is "duty bound" to grant the government's Rule 48(a) motion to dismiss an indictment without prejudice unless "it specifically determines that the government is operating in bad faith" in pursuing the motion. *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988); *see United States v. Hughes*, 726 F.3d 656, 667 (5th Cir. 2013) ("A district court can only deny the government's motion to dismiss if it would be 'clearly contrary to manifest public interest.'"). "While the rule confers discretion on the district court to deny the government's motion to dismiss a charging document, this discretion is not broad." *United States v. Goodson*, 204 F.3d 508, 512

---

[1] The mere possibility that Vargas might be prosecuted again is insufficient to overcome mootness. *United States v. Thomas*, 578 F. App'x 687, 687 (9th Cir. 2014) ("The mere possibility of a future indictment is, moreover, too remote to satisfy" Article III's standing requirements.).

3

(4th Cir. 2000); *United States v. Perate*, 719 F.2d 706, 710 (4th Cir. 1983) ("[T]he trial court has little discretion in considering a government motion to dismiss made pursuant to [Rule 48(a)]")). "Indeed, the court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *Goodson*, 204 F.3d at 512; *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995) ("The disposition of a government's motion to dismiss an indictment should be decided by determining whether the prosecutor acted in good faith at the time he moved for dismissal. A motion that is not motivated by bad faith is not clearly contrary to manifest public interest, and it must be granted."); *Perate*, 719 F.2d at 710 (stating that a Rule 48(a) motion must be granted "absent a finding of bad faith or disservice to the public interest").

Here, the United States moved to dismiss without prejudice, and the Court properly granted this motion because there was no showing that the United States acted in bad faith.[2] As the Fourth Circuit held in *Goodson*, 204 F.3d at 513, 514, dismissal without prejudice is the proper course of action unless it is shown that the government operated in bad faith.[3] This holding was based in part to the fact that the prosecutorial power is vested in the Executive branch of the government. *Goodson*, 204 F.3d at 512 ("the discretion granted by Rule 48(a) implicates the constitutional doctrine of separation of powers"). As the Fourth Circuit stated: "'Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and

---

[2] The Court was not required to wait for Vargas to consent or to object to dismissal without prejudice. *See United States v. Scott*, 1999 WL 1134547, at *2 (4th Cir. 1999) (unpublished) (Rule 48(a) "does not require the consent of the defendant to a dismissal where dismissal is urged before trial.").

[3] Examples of a prosecutor's potential "bad faith" reasons for seeking a dismissal that are contrary to the public interest include a "prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled." *See United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995).

4

whether to institute criminal proceedings, or . . . whether to dismiss a proceeding once brought." *Goodson*, 204 F.3d at 512-13 (quoting *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967)); *see Town of Newton v. Rumery*, 480 U.S. 386, 396 (1987) (stating that charging decisions are "rarely simple" in nature and "are not readily susceptible to the kind of analysis the courts are competent to undertake . . . .").

By asking this Court to dismiss the case with prejudice, Vargas is asking this Court to take on powers assigned to the Executive branch, namely, to abort any subsequent prosecution of Vargas. In short, Vargas is asking this Court to decide that this case should never be prosecuted in the future. In *Goodson*, the Fourth Circuit made clear that Courts normally should not make such a decision, unless it is shown that the government acted in bad faith or in violation of law. "Accordingly, . . . it is established that a district court may not, in the management of its docket, exercise its discretion to dismiss an indictment *with prejudice*, either under Rule 48(b) or under its supervisory power," unless a defendant can show bad faith or substantial prejudice from a violation of law. *Goodson*, 204 F.3d at 514 (emphasis added). Vargas has not alleged, much less demonstrated, that the government's motion to dismiss was filed in bad faith. Accordingly, under the holding of *Goodson*, the indictment was properly dismissed without prejudice, and Vargas's motion should be denied.

      C.      <u>**Any Violation of Vargas's Speedy Trial Rights is Speculative**</u>

For a third, independent reason, this Court should deny Vargas's motion. Vargas argues that any subsequent prosecution of her would violate her rights under the Speedy Trial Clause of the Sixth Amendment of the U.S. Constitution, because the United States *might* prosecute her many years from now. Vargas Mtn. p. 3. But Vargas has failed to show that her Speedy Trial rights have been or ever will be violated. As her motion implicitly concedes, the United States

5

might never again prosecute her. Unless and until the United States does prosecute her again, there can be no violation of her right to a speedy trial. Vargas complains that, in light of the statute of limitations, the government could initiate prosecution sometime in the distant future.[4] Although that is theoretically possible, as a practical matter, the United States has restraints that would make a delayed prosecution difficult and undesirable. Regardless, Congress chose not to impose a statute of limitations on the offense of Sex Trafficking of a Child, and Vargas cannot usurp Congress's decision by seeking dismissal with prejudice. Vargas must first wait until a prosecution is initiated again before raising her Speedy Trial Clause argument.[5]

Furthermore, even if the United States initiated a prosecution of Vargas ten or more years from now, this Court would have to consider a number of factors in determining whether a violation of the Speedy Trial Clause warranted dismissal. Under the Speedy Trial Act, which in some respect grants broader rights than the Speedy Trial Clause, in "determining whether to dismiss with prejudice or without prejudice, the court must consider three factors: "[1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the

---

[4] Under 18 U.S.C. § 3299, a defendant may be indicted at any time, without limitation, after the commission of Sex Trafficking of a Child. The fact that Congress elected not to impose any limitation on the prosecution of Sex Trafficking is telling, insofar as the Speedy Trial Clause "operates in concert with statutes of limitation and the Due Process Clause to protect against oppressive prosecutorial delay." *Martinez v. United States*, 793 F.3d 533, 545 (6th Cir. 2015) (citing *United States v. Marion*, 404 U.S. 307, 320-25 (1971) (discussing the interlocking protection provided by statutes of limitation, the Speedy Trial Clause, and the Due Process Clause)). Congress saw nothing wrong with not imposing a deadline for the initiation of prosecution of these cases, presumably because of the serious nature of the offense.

[5] Vargas argues that she should not be required to live with the anxiety of not knowing when or if she will be prosecuted again. But as the District of Columbia Circuit noted: "The accused cannot complain because a liberal application of the Rule earns him temporary freedom, without according him full immunity from prosecution." *Mann v. United States*, 304 F.3d 394, 398 (D.C. Cir. 1962).

administration of justice." *See* 18 U.S.C. § 3162(a)(1). At this juncture, this Court cannot make these determinations insofar as this Court does not know: (1) whether Vargas will be prosecuted again; (2) when Vargas will be prosecuted again (if ever); (3) the seriousness of the charges she will face; (4) the facts and circumstances surrounding the speculative charges that might (or might not) be brought sometime in the future; and (5) the impact of a re-prosecution on the administration of justice. Rather than attempt to deal with "what ifs" "maybes" and other speculation, this Court would be better served by denying Vargas's motion and waiting to see whether the United States ever seeks to prosecute Vargas again.

Vargas seeks dismissal under Rule 48(b) of the Federal Rules of Criminal Procedure. Vargas Mtn at 1. "This rule is 'driven by the same general considerations as the Sixth Amendment" speedy trial right.'" *United States v. Bokhari*, 757 F.3d 664, 669 n.3 (7th Cir. 2014) (quoting *United States v. Ward*, 211 F.3d 356, 362 (7th Cir. 2000)). A proper analysis under the Speedy Trial Clause requires a consideration of similar facts that this Court cannot know at this juncture, and which it can know only if and when the United States again prosecutes Vargas. In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the Supreme Court adopted a balancing test for assessing claims of a violation of the Sixth Amendment right to a speedy trial. The test weighs four factors: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) whether the defendant has been prejudiced by the delay. *Id.* The Court expressly rejected a bright-line rule in favor of a "functional analysis of the right in the particular context of the case." *Id.* at 522. It did so because the remedy—dismissal of the indictment—was "unsatisfactorily severe." *Id.* ("The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.") (quoting *Beavers v. Haubert*, 198 U.S.

7

77, 87 (1905)).

To perform the analysis mandated by the Supreme Court in *Barker*, this Court must wait to see if and when the United States again seeks to indict Vargas. For example, unless and until the United States again charges Vargas, this Court cannot know the length of the delay, the reason for any further delay, or the extent the defendant will suffer prejudice. Because this Court cannot perform the requisite analysis at this time, for this reason too, this Court should deny Vargas's motion.[6]

## IV.  Conclusion

For the foregoing reasons, defendant Yasmin Vargas's motion to dismiss with prejudice should be denied.

                                                 Respectfully submitted,

                                                 Dana J. Boente
                                                 United States Attorney

                                                 _____/s/_____
                                                 Michael J. Frank
                                                 Assistant United States Attorney
                                                 United States Attorney's Office
                                                 2100 Jamieson Avenue
                                                 Alexandria, Virginia 22314
                                                 Phone:  (703) 299-3700

---

[6] Because Vargas has failed to establish a violation of the Speedy Trial Clause, she cannot establish that there was an abuse of discretion in dismissing the indictment without prejudice. *United States v. Knight*, 562 F.3d 1314, 1324 (11th Cir. 2009) (holding that because the defendant "did not establish a violation of the Sixth Amendment, it also was not an abuse of discretion for the district court to deny his motion to dismiss his indictment under Federal Rule of Criminal Procedure 48(b)").

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of September, 2015, I electronically filed the foregoing Response with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to counsel of record.

                                                       /s/
                                   Michael J. Frank
                                   Assistant United States Attorney
                                   United States Attorney's Office
                                   Justin W. Williams U.S. Attorney's Building
                                   2100 Jamieson Avenue
                                   Alexandria, Virginia 22314
                                   Phone:   (703) 299-3700